1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA
8
9    UNITED STATES OF AMERICA,            )    CR 08-00739-TUC-RCC (GEE)
                                          )
10              Plaintiff,                )    **REPORT AND RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12                                        )
     VICTOR MANUEL DIAZ-OZUNA,            )
13                                        )
                Defendant.                )
14   _____)
15

16      The District Court referred this case to the magistrate for hearing on pretrial matters.

17   Hearing on the defendant's and the government's pretrial motions was held on May 8, 2009.

18   All of the motions presented for the court's consideration were non-evidentiary in nature.

19

20   **CHARGES:**

21      In Count 1 of the indictment it is alleged that on May 18, 2008, the defendant, a previously

22   convicted felon, possessed a firearm.  In Count 2 it is alleged that when the defendant was

23   found in this country on May 18, 2008, he had illegally re-entered in violation of 8

24   §1326(b)(2).

25

26   **MOTION FOR BIFURCATED TRIAL OR TO SEVER COUNTS FOR SEPARATE**

27   **TRIALS:**

28

1    Initially, defense counsel notes that the predicate conviction for the felon-in-possession

2  charge is a drug trafficking conviction, and he goes on to argue:

3         The prejudicial nature of this allegation is obvious and cannot be
          understated, both as it relates to the gun charge and to the
4         immigration charge.  Defendant moves to bifurcate the trial to
          allow the jury first to consider the questions related to possession
5         of the weapon and on the immigration issues, and then, if it finds
          in the affirmative on a special interrogatory relating to the gun
6         count, to then consider the question of the prior conviction.

7

8  Relying on this statement by the defense, the government responded in its written response by

9  citing the case of *United States v. Barker,* 1 F.3d 957 (9th Cir. 1993), wherein the court held

10 that a court may not bifurcate the single offense of being a felon-in-possession of a firearm into

11 multiple proceedings.  During the hearing on the motion , defense counsel changed/clarified

12 his position and stated he was *not* asking to bifurcate the elements of the felon-in-possession

13 charge; rather, he is asking that the jury be asked to first hear evidence,  deliberate, and render

14 a verdict on the illegal re-entry charge, and then the same jury would hear evidence, deliberate,

15 and render a verdict on the felon-in-possession charge.

16    The trial court has "wide discretion" in ruling on a severance or bifurcation motion. *United*

17 *States v. Matus-Leyva,* 311 F.3d 1214, 1217 (9th Cir. 2002).  In this case, the defense points to

18 nothing, other than the conclusory claim of prejudice to support his motion.

19    It should be noted the crimes alleged in the indictment occurred on the same date.  When

20 the defendant was stopped on May 18, 2008, it was discovered  he was illegally in the country

21 and after a firearm was discovered in his vehicle, it was determined he had been previously

22 convicted of a felony offense.  Nor is the predicate offense for the felon-in-possession

23 charge–drug trafficking–particularly inflammatory.

24    The motion for bifurcation or severance of counts should be denied.

25

26 **MOTION IN LIMINE (ALIENAGE):**

27

28

1    The defendant moves that his A-file be redacted to exclude the following information: that
2   he is not a citizen or national of the United States; that he is a native and citizen of Mexico; and
3   any other references indicating he is an alien. He notes that deportation proceedings are civil
4   in nature wherein the government's burden of proof is by a preponderance of the evidence.
5   In criminal proceedings the burden is beyond a reasonable doubt. He argues that without the
6   requested redaction "the jury will be unduly influenced by a previous finding by the
7   immigration service that the defendant is an alien thus denying the defendant the ability to truly
8   put the government to its burden of proof."

9    The government relies on *United States v. Sotelo,* 109 F.3d 1446 (9th Cir. 1997), for the
10   proposition that the introduction of A-file documents in a trial for illegal re-entry is permissible
11   where the government does not rely solely on those documents to establish alienage. The
12   government proffers it will provide "other evidence of the Defendant's alienage, including his
13   own statements."

14    Assuming the government will indeed present evidence of alienage apart from findings in
15   the A-file, this motion should be denied.

16

17   **MOTION IN LIMINE (PRIOR FELONIES):**

18    The defendant moves to redact language in any exhibits that reference any of his prior
19   felony convictions and argues this "collateral information" is not relevant to the issue alleged
20   in the indictment. This argument seemingly overlooks the fact the defendant is charged in
21   Count 1 with being a felon-in-possession of a firearm and that establishing prior felony
22   conviction is a necessary element of that offense. Perhaps this argument is based on the
23   assumption that the two counts will be severed and a prior felony conviction is not an element
24   for the charge of illegal re-entry.

25    At the hearing on the motions, the government stated it would introduce evidence of the
26   prior felony conviction set forth in the Count 1 to meet its burden as to that offense. The
27

28

1  government stated it does not intend to introduce evidence of the defendant's other two prior
2  felony convictions accept as impeachment if he chooses to testify.

3      This motion should be denied to the extent that the government is required to prove a prior
4  felony conviction to meet its burden in the felon-in-possession charge.

5

6  **MOTION IN LIMINE (ALIASES):**

7      The government stated at the hearing that it had reviewed the disclosure, including parts of
8  the A-file, and found no aliases; therefore, it did not anticipate using such evidence against the
9  defendant.

10     This motion should be denied as moot atthis time.

11

12  **MOTION IN LIMINE (ELECTRONIC RECORDS):**

13     Relying on *In re Vinhee,* 336. BR 444-447 (BAP 9. Cir. 2005) (a copy of which is attached
14  hereto)**,** the defendant moves the government be precluded from introducing any electronic,
15  computer generated evidence unless such evidence is properly authenticated in the manner set
16  forth in that case.

17     The government filed no response to this motion and at the hearing explained the motion
18  lacked specificity as the defendant did not indicate any documents from the disclosure that he
19  felt qualified as "electronic records." Defense counsel stated he did not know if there were,
20  in fact, such documents, and added he was just "putting the government on notice" of this
21  objection in case it tried to introduce such evidence.

22     This court believes that without some specific documents to consider, it is in no position to
23  make any decision or recommendation regarding the admissibility of such evidence.
24  Therefore, this issue is deferred to the trial court.

25

26  **MOTION FOR PRESERVATION AND PRODUCTION OF ROUGH NOTES:**

27

28

1     This court ruled that the government should instruct its witnesses to preserve rough notes
2  relating to this case and bring those notes to trial.

3

4  **MOTION FOR PRODUCTION OF *GIGLIO AND HENTHORN* MATERIALS:**

5     During the hearing the government advised it had already requested this material and any
6  qualifying information received will be submitted to the court for *in camera* review.

7

8  **GOVT'S MOTION IN LIMINE TO PRECLUDE DEFT FROM ATTACKING**
9  **VALIDITY OF DEPORTATION:**

10     Defense counsel stated during the hearing that he knows he may not collaterally attack the
11  defendant's prior deportation at trial.

12     In *United States v. Alvarado-Delgado,* 98 F.3d 492 (9th Cir.) (en banc), *cert. denied*, 117
13  S.Ct. 1096 (1996), the court held the government is not required to prove the lawfulness of a
14  prior deportation as an element of its prosecution of an illegal re-entry case.

15     Given that fact that the defendant has thus far filed no motions challenging his deportation,
16  the government's motion should be granted.

17

18  **MOTION TO ALLOW DEFT TO CONDUCT VOIR DIRE BEYOND STANDARD**
19  **VOIR DIRE:**

20     This court believes this motion is best left for the trial court's consideration. The motion
21  and the proposed voir dire questions are attached hereto.

22

23  **RECOMMENDATION:**

24     In view of the foregoing, the magistrate recommends that the District Court, after its de
25  novo review of the record:

26     **DENY** the Motion for Bifurcated Trial or to Sever Counts for Separate Trials; **DENY** the
27  Motion in Limine (Alienage); **DENY** the Motion in Limine (Prior Felonies); **DENY** the

28

1  Motion in Limine (Aliases); **GRANT** the Motion in Limine to Preclude Defendant from
2  Attacking Validity of Prior Deportation; **GRANT** the Motions for Preservation and Production
3  of Rough Notes and the Motion for Production of *Giglio* and *Henthorn* Materials (to the extent
4  such materials exist). The remaining Motions are left for the consideration of the trial court.

5      This Report and Recommendation is being faxed to all counsel on this date. Counsel would
6  usually have 10 days to serve and file written objections; however, the trial in this matter is set
7  for May 12, 2009. Therefore, given the time limitations and the nature of the non-evidentiary
8  motions, counsel should be prepared to argue objections on the morning of trial.

9      The Clerk of the Court is directed to send a copy of this Report and Recommendation to all
10 parties.

11      DATED this 12th day of May, 2009.

15                              Glenda E. Edmonds
16                              United States Magistrate Judge

- 6 -